Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VENEZIA CLUB HOUSE LLC<br><br>Recurrida<br><br>V.<br><br>**JORGE JAVIER MARRERO GERENA**, CONYUGE DE NOMBRE DESCONOCIDO, MARRERO-NOMBRE DESCONOCIDOS, SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS Y OTROS<br><br>Peticionario | KLCE202401016 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV00111<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2024.

El 19 de septiembre de 2024, compareció ante este Tribunal de Apelaciones, el señor Jorge J. Marrero Gerena (en adelante, señor Marrero Gerena o parte peticionaria), mediante *Cetiorari*. Por medio de este, nos solicita que revisemos la *Resolución* emitida y notificada el 20 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción Urgente al Amparo de la Regla 49.2 de Procedimiento Civil*.

Por los fundamentos que adelante se exponen, se expide el *certiorari* y se confirma la *Resolución* recurrida.

Número Identificador

SEN2024 _____

## I

Como cuestión de umbral, es menester señalar que, esta es la tercera ocasión en que las partes comparecen ante este foro revisor dentro del mismo pleito.

Hacemos constar que, el trámite fáctico y procesal del caso fue plasmado en una *Sentencia* emitida el 28 de noviembre de 2023[1], en el recurso con identificación alfanumérica KLAN202300678 y en la *Resolución* emitida el 15 de febrero de 2023, en el recurso con identificación alfanumérica KLCE202300004. En vista de ello, nos limitaremos a esbozar el trámite pertinente a la controversia que aquí nos ocupa.

Según surge del expediente, el 30 de junio de 2023, el Tribunal de Primera Instancia emitió una *Sentencia Sumaria* a favor de Venezia House Club, LLC (en adelante, VHC o parte recurrida), donde determinó que el Contrato de Opción era válido y exigible, y además, ordenó la venta de la Propiedad en controversia.

En desacuerdo con la determinación del foro primario, la parte peticionaria acudió ante este foro revisor mediante recurso de apelación. En esa ocasión, mediante *Sentencia*, confirmamos la *Sentencia* del 30 de junio de 2024.

Aún insatisfecha, la parte peticionaria acudió al Tribunal Supremo de Puerto Rico, mediante *Certiorari*, el cual fue denegado el 14 de febrero de 2024.

El 31 de mayo de 2024, compareció la parte recurrida ante el foro de instancia mediante *Moción Solicitando Ejecución de Sentencia, Cumplimiento de Orden y Lanzamiento*. Argumentó que, pese a que existía una prohibición de arrendar impuesta por el foro primario[2], la parte peticionaria continuaba arrendando la

---

[1] Por medio de la aludida *Sentencia*, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia el 30 de junio de 2023.

[2] El 25 de mayo de 2023, el Tribunal de Primera Instancia emitió la *Orden de Prohibición de Enajenación de Inmueble y Anotación en el Registro de la Propiedad.*

Propiedad. Es por lo que, le solicitó al foro *a quo* que encontrara incurso en desacato a la parte peticionaria y le ordenara a la Secretaría a expedir mandamiento al Alguacil para que, en representación de la parte peticionaria, otorgara la escritura de compraventa. Asimismo, solicitó que se emitiera una segunda orden para que la Secretaría expidiera mandamiento al Alguacil con el propósito de lanzar a cualquier persona que ocupara la Propiedad en calidad de arrendatario.

En la misma fecha, el Tribunal de Primera Instancia expidió la *Orden de Ejecución de Sentencia* y la *Orden de Lanzamiento*. Por medio de estas, declaró Ha Lugar la *Moción Solicitando Ejecución de Sentencia, Cumplimiento de Orden y Lanzamiento*, autorizó y ordenó al Alguacil del foro primario a otorgar la Escritura de Compraventa, y ordenó el lanzamiento de todos los demandados, incluyendo al señor Marrero Gerena, la señora Karina Gallardo Troche (en adelante, señora Gallardo Troche), y cualquier arrendatario, ocupante y/o poseedor de la Propiedad. A tales efectos, fue expedido el *Mandamiento de Lanzamiento* y el *Mandamiento de Ejecución de Sentencia.*

El 21 de junio de 2024, la parte peticionaria presentó la *Moci[ó]n Urgente en Solicitud de Paralizaci[ó]n de los Procedimientos y Orden Protectora*. En esencia, solicitó al foro *a quo* que emitiera una orden de paralización de los procedimientos, al amparo de la Regla 49.2 de Procedimiento Civil, y una orden protectora a su favor para la protección de un menor de edad que alegadamente residía en la Propiedad.

Por otro lado, el 2 de julio de 2024, el señor Marrero Gerena presentó la *Moci[ó]n en Solicitud de Reconsideraci[ó]n a Orden de Ejecuci[ó]n de Sentencia y Orden de Lanzamiento*. Solicitó al foro primario, que dejara sin efecto la *Orden de Ejecución de Sentencia* y la *Orden de Lanzamiento*, paralizara los procedimientos y emitiera

una orden protectora a favor de un menor y su madre, la señora Gallardo Troche que residían en la Propiedad.

El 3 de julio de 2024, la parte recurrida presentó la *Moción en Cumplimiento de Orden*. Argumentó que, la Propiedad objeto del litigio era una que se utilizaba de forma comercial para rentar a largo y a corto plazo, según surgía del contrato de arrendamiento con la señora Gallardo Troche, y que esta estaba anunciada en la plataforma de Airbnb. Añadió que, pese a que la residencia no era un "hogar principal", la oficina de alguaciles del foro primario le había ordenado notificar a varias agencias del gobierno, y así lo hizo. Además, negó lo alegado en la *Moci[ó]n Urgente en Solicitud de Paralizaci[ó]n de los Procedimientos y Orden Protectora*. Sostuvo que, la parte peticionaria intentaba relitigar asuntos que ya fueron resueltos por el foro de primera instancia y por este Tribunal, que ya son finales y firmes. Conforme a lo anterior, solicitó al foro *a quo*, que declarara No Ha Lugar la solicitud de la parte peticionaria por los siguientes motivos:

> (1) el inmueble objeto de este litigio no es el hogar principal del demandado ni de su familia como muy bien surge del contrato de arrendamiento por diez años y de las publicaciones, testimoniales y calendario publicados en la plataforma de AirBnb y de la carta de la Asociación de Residentes notificándole al demandado el alquiler ilegal de la propiedad; (2) las alegaciones de fraude por conducta de abogados, jueces y políticos son meras alegaciones de las cuales el demandado no tiene evidencia alguna e implicaría el escenario absurdo que funcionarios de la rama judicial han violado sus cánones de ética judicial sin haberse provisto ni un ápice de evidencia y relación con el caso de epígrafe; y (3) todas las controversias relacionadas a la firma, conocimiento y validez del contrato de opción de compraventa fueron atendidas y sopesada la evidencia tanto por el tribunal de primera instancia como por el tribunal de apelaciones y ambos foros le dieron entera credibilidad a las declaraciones juradas, mensajes de texto, correos electrónicos, transcripción de deposición y otros documentos que demostraron en su momento que el demandado negoció, conoció, estuvo asesorado legalmente y por su corredora de bienes raíces antes de firmar el contrato de opción a compraventa y así lo firm[ó].

Mediante *Resolución* emitida el 3 de julio de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la *Moci[ó]n en Solicitud de Reconsideraci[ó]n a Orden de Ejecuci[ó]n de Sentencia y Orden de Lanzamiento*, y ordenó la continuación de los procedimientos.

El 13 de agosto de 2024, la parte peticionaria presentó la *Moción Urgente al Amparo de la Regla 49.2 de Procedimiento Civil.* Argumentó que, la determinación de la primera instancia judicial era nula, debido a una alegada violación al debido proceso de ley, y otras razones que en derecho justificaban que se dejara sin efecto la *Sentencia* al amparo de la Regla 49.2 de Procedimiento Civil. La parte peticionaria adujo que, durante el pleito y en la *Sentencia*, no se consideraron ni se salvaguardaron los derechos de las personas que habitaban, ocupaban y poseían la Propiedad en cuestión, en virtud de un supuesto contrato de arrendamiento previamente otorgado por un término de diez (10) años. De igual manera, sostuvo que, la señora Gallardo Troche y su hijo, debieron ser acumulados al pleito como parte indispensables por ser arrendatarios de la Propiedad. Argumentó la existencia de un alegado fraude en el contrato de opción, y la existencia de un derecho de hogar seguro de una *Sentencia* emitida el 7 de mayo de 2024, en el caso civil número CA2024RF00292[3]. Solicitó al foro *a quo*, que declarara nula la *Sentencia*, o la dejara sin efecto y paralizara todos los procedimientos ulteriores.

La aludida moción, fue declarada No Ha Lugar mediante la *Resolución* cuya revisión nos ocupa.

Inconforme, la parte peticionaria acudió ante este foro revisor y esgrimió el siguiente señalamiento de error:

---

[3] En la aludida *Sentencia*, el Tribunal de Primera Instancia declaró Ha Lugar la *Demanda* sobre Hogar Seguro, instada por la señora Gallardo Troche el 2 de mayo de 2024, y determinó que la propiedad en cuestión sería el hogar seguro de esta última, en representación de su hijo menor de edad BRMG. Cabe destacar que, la parte peticionaria mediante *Contestación a Demanda*, se allanó a la solicitud de designar la Propiedad como hogar seguro.

Erró y abusó de su discreción el TPI al denegar el relevo de sentencia conforme a la Regla 49.2. El foro a quo ignoró la existencia de una fuerte política pública a favor de la protección de los menores de edad y omitió considerar la letra del nuevo Código Civil, que modificó la ley en torno a los arrendatarios y el proceso de desahucio. La sentencia en cuestión viola el debido proceso de ley al no acumular en la reclamación una parte indispensable.

Por otro lado, el 2 de octubre de 2024, la parte recurrida presentó la *Oposición a Expedición de Recurso de Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[4]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[4] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de

discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la normativa jurídica, procedemos a resolver.

**III**

La parte peticionaria sostiene que, el foro *a quo* incidió al denegar el relevo de sentencia conforme a la Regla 49.2 de Procedimiento Civil. Además, aduce que, el foro primario ignoró "la existencia de una fuerte política pública a favor de la protección de los menores de edad", y omitió considerar la letra del Código Civil de 2020, sobre lo estatuido respecto a los arrendatarios y el proceso de desahucio. Asimismo, alega que, la *Sentencia* emitida por el foro de primera instancia viola el debido proceso de ley al no acumular en la reclamación una parte indispensable.

Adelantamos que no le asiste la razón. Veamos.

De entrada, respecto a la postura de la parte peticionaria sobre la fuerte política pública a favor de la protección de menores de edad, y su derecho a hogar seguro, entendemos que este fue previamente resuelto por el Tribunal de Primera Instancia en la *Resolución* emitida el 3 de julio de 2024, mediante la cual fue declarada No Ha Lugar la *Moci[ó]n en Solicitud de Reconsideraci[ó]n a Orden de Ejecuci[ó]n de Sentencia y Orden de Lanzamiento*. La parte peticionaria contaba con un término de treinta (30) días, para apelar[5] dicha decisión. No obstante, no fue sino hasta 19 de septiembre de 2024, que la parte peticionaria presentó dicho planteamiento mediante el recurso de epígrafe. Es decir, este fue

---

[5] Regla 13 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 13.

presentado de forma tardía, por lo que, no podemos entrar en sus méritos. Según es sabido, la parte que recurra de una decisión de un foro de primera instancia, deberá observar "rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo" [6].

Es necesario señalar que, la Regla 49.2 de Procedimiento Civil de ninguna forma sustituye el recurso de apelación. Si la parte peticionaria no apeló en el tiempo dispuesto por el Reglamento de este Tribunal, estaba impedida de incluir en el recurso de epígrafe dicho argumento que ya había sido resuelto por el foro primario de forma final y firme.

El planteamiento de la parte peticionaria en cuanto a que el foro *a quo* omitió considerar la "nueva letra del Código Civil" es inmeritorio. Lo anterior, dado a que el contrato de opción suscrito entre las partes, tomó lugar el 30 de septiembre de 2020. Es decir, *previo* a la entrada en vigor del Código Civil de 2020. Por lo cual, el derecho aplicable a la controversia se remite al derogado Código Civil de 1930. De igual manera, como bien plantea la parte recurrida, no surge de manera alguna que dicho planteamiento fuera presentado ante el Tribunal de Primera Instancia. Es harto conocido que, este Tribunal no considerará asuntos que no fueron presentados por las partes ante el foro primario[7]. Conforme a lo anterior, como tribunal revisor deberemos abstenernos de resolver cualquier cuestión que

---

[6] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

[7] Véase *Dorado del Mar v. Weber et als.*, 203 DPR 31, 52 (2019); *Sánchez Ruíz v. Higueras Pérez et al.*, 203 DPR 982 (2020); *Abengoa, S.A. v. American Intl. Ins.*, 176 DPR 512, 526 (2009); *Echandi Otero v. Stewart Title*, 174 DPR 355, 383 (2008); *Trabal Morales v. Ruíz Rodríguez*, 125 DPR 340, 351 (1990).

no se hubiese planteado en el foro primario y que sean presentados por primera vez ante nosotros[8].

Con relación al planteamiento sobre que la señora Gallardo Troche era parte indispensable, y que sin su presencia no debía adjudicarse el pleito, reafirmamos que, no es correcto en derecho.

En primer lugar, es sabido que, las obligaciones nacen de la ley, de los contratos y cuasicontratos, de los actos ilícitos, u omisiones en que interviene culpa o negligencia, y cualquier otro acto idóneo para producirlas.[9] Art. 1042 del Código Civil, 31 LPRA ant. sec. 2992. Las obligaciones que nacen de los contratos tienen fuerza de ley *entre las partes contratantes*, y deberán cumplirse a tenor de estos. Art. 1044 del Código Civil, 31 LPRA ant. sec. 2994. Una vez perfeccionado el contrato, lo acordado tiene fuerza de ley entre las partes, "y desde entonces obligan, no solo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conforme a la buena fe, al uso y a la ley". Art. 1210 del Código Civil, 31 LPRA ant. sec. 3375

Conforme surge del tracto reseñado, el 30 de septiembre de 2020, el señor Marrero Gerena y VHC suscribieron un contrato de opción, donde la parte peticionaria le concedió una opción de compraventa de la Propiedad a VHC. Es decir, los únicos contratantes son la parte peticionaria y la parte recurrida. Fuera de estos, no existe ninguna parte que deba ser traída al pleito. La señora Gallardo Troche ni su hijo menor de edad, figuraban como partes del contrato de opción. Por lo tanto, somos del criterio de que estos no son partes indispensables del pleito. Cabe destacar que, a pesar de que la parte peticionaria sostiene que la señora Gallardo Troche es arrendataria de la Propiedad, del expediente claramente

---

[8] *Íd.*

[9] El derecho aplicable en el caso de epígrafe se remite al Código Civil de Puerto Rico de 1930, puesto que, la presentación de la *Demanda* y los hechos que dan base a esta tuvieron lugar antes de la aprobación del nuevo Código Civil de Puerto Rico, Ley 55-2020, según enmendado.

surge una *Orden* emitida el 25 de mayo de 2023 por el foro primario, donde prohíbe arrendar y enajenar la Propiedad.

Luego de discutido el señalamiento de error, es meritorio señalar que, la parte peticionaria ha actuado de forma frívola y temeraria ante la continua utilización del sistema judicial de forma arbitraria, pese a la existencia de una sentencia final y firme. Lo anterior, con el propósito de continuar dilatando la ejecución de la *Sentencia.* Ante esta conducta, se le impone a la parte apelante el pago de honorarios por temeridad en la suma de tres mil dólares ($3,000.00) en sellos de Rentas Internas. Los mismos deberán ser consignados en la Secretaría de este Tribunal en el término de diez (10) días, a partir de la notificación de esta Sentencia.

**IV**

Por los fundamentos que anteceden, se expide el *Certiorari* y se confirma el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones